**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
**Ron Maroko, Staff Attorney (State Bar #124770)**
**OFFICE OF THE UNITED STATES TRUSTEE**
**725 South Figueroa Street, 26th Floor**
**Los Angeles, California 90017**
**(213) 894-4520; Fax: (213) 894-2603**
**Email:** ***ron.maroko@usdoj.gov***

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>Paride Mladosich,<br><br>Debtors. | Case No. 2:10-bk-45921-VK<br><br>Chapter 7<br><br>**NOTICE OF AND EX-PARTE MOTION FOR: BANKRUPTCY RULE 2004 EXAMINATION OF AMBER McKENNEY AND PRODUCTION OF DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL BANKRUPTCY RULE 2004-1; DECLARATION OF RON MAROKO**<br><br>Examination Date: February 14, 2011<br>Time: 9:45 a.m.<br>Place: Office of the United States Trustee<br>725 S. Figueroa Street, #2600<br>Los Angeles, CA 90017<br><br>Production Date: February 14, 2011<br>Time: 9:30 a.m.<br>Place: Office of the United States Trustee<br>725 S. Figueroa Street, #2600<br>Los Angeles, CA 90017 |

TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE AND DEBTOR:

The United States Trustee ("UST") hereby applies for the issuance of an Order authorizing the examination of and production of documents by bankruptcy petition preparer Amber McKenney, pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1.

PLEASE TAKE NOTICE THAT the United States Trustee proposes that the examination occur on February 14, 2011 at 9:45 a.m. and the production of documents occur on February 14, 2011 at 9:30 a.m., both at the Office of the United States Trustee, 725 S. Figueroa Street, #2600, Los Angeles, CA 90017.

NOTICE IS FURTHER GIVEN that, pursuant to Local Bankruptcy Rule 2004-1, no hearing on this Application will be held and, under that rule, any opposition to an order issued pursuant to the Application must be made by means of a responsive motion for a protective order. Any such motion for a protective order must be served on the United States Trustee and filed with the Court at the following addresses at least fourteen (14) days before the scheduled date of the examination.

FOR FILING WITH THE COURT:
Clerk's Office
255 East Temple Street, 9th Floor
Los Angeles, CA 90012

FOR SERVICE ON THE UNITED STATES TRUSTEE:
RON MAROKO, ESQ.
Office of the United States Trustee
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017

Dated: 1/12/11

PETER C. ANDERSON
UNITED STATES TRUSTEE

by: ______________________
RON MAROKO
ATTORNEY FOR THE UNITED STATES TRUSTEE

## APPLICATION

The United States Trustee represents as follows:

1. Paride Mladosich ("Debtor") and filed a chapter 13 bankruptcy petition on August 25, 2010.

2. Amber McKenney ("McKenney") identified herself as the bankruptcy petition preparer on the petition and did file a disclosure of compensation form disclosing that she agreed to receive $100.00 to prepare Debtor's bankruptcy documents.

3. The case was converted to chapter 7 prior to the meeting of creditors.

4. Debtor did not schedule an interest in any real property on his Schedules A or B.

5. Two relief from stay motions were filed in Debtor's case, in which copies of notarized Trust Transfer Grant Deeds ("Deeds") were attached as exhibits. These deeds transferred a joint interest to Debtor as co-trustee of property in Long Beach and Lawndale. Maribel Menjavir was the notary whose name appeared on the Deeds.

6. The Long Beach property deed was purportedly signed by debtor Sherrie Vicario (2:10-bk-34087-ER). She provided testimony that she did not sign the grant deed and did not appear before the notary identified on the deed.

7. On January 12, 2011, Ms. Menjavir appeared for examination, and provided testimony that she did not notarize the Deeds. She did claim that McKenney was the person responsible for the notarizations of the Deeds.

8. The United States Trustee is reviewing this case to determine whether a motion or complaint under section 110 is appropriate. Under section 110, a bankruptcy petition preparer may not engage in fraudulent, unfair, or deceptive conduct. 11 U.S.C. §110(i)(1) and 110(j)(B)(2)(A)(ii). As a consequence of such conduct a preparer may have liquidated damages imposed against him or her or be enjoined from acting as a preparer.

9. As part of that review, the United States Trustee seeks to examine the bankruptcy petition preparer McKenney to determine whether she was involved in the creation of the notarized documents, whether she engaged in fraudulent, unfair, or deceptive conduct, whether she provided services to this debtor above and beyond mere typing services, and whether (and to

what extent) a motion or complaint should be filed against her, if at all.

10. As set forth in Local Bankruptcy Rule 2004-1, the United States Trustee believes that the place of residence of McKenney is West Covina in Los Angeles County, California and that she also works in West Covina in Los Angeles County.

11. On January 12, 2011, the undersigned attorney spoke with McKenney via telephone regarding arranging a mutually agreeable date, time, place, and scope of the examination. The parties agreed that the examination could occur on the date, time, and location on this application.

12. As stated above, the United States Trustee proposes to conduct this examination on February 14, 2011. The examination will be electronic sound recording pursuant to Fed. R. Bank. P. 7030(b)(2). A court reporter may also be present. The examination may be continued from day-to-day until completed if not completed on this date.

13. This examination cannot proceed under Bankruptcy Rule 7030 because there is no pending adversary matter. The information to be derived at the Rule 2004 examination will determine whether a complaint or motion under section 110 against the petition preparer is appropriate, or whether no further action is needed under the circumstances.

14. Furthermore, this examination cannot proceed under Bankruptcy Rule 9014. There are no contested matters pending.

15. The documents that the United States Trustee desires to be produced and copied are indicated on Exhibit "A" attached hereto. The United States Trustee requests that the Court order Debtor produce the documents on February 14, 2011, the date of the examination.

///

///

///

///

///

///

///

WHEREFORE, the United States Trustee prays that this Court make and enter its Order authorizing the examination of Maribel Menjivar on February 14, 2011 at 9:45 a.m. and the production of documents set forth in Exhibit "A" from Amber McKenney on February 14, 2011 at 9:30 a.m. , both at the Office of the United States Trustee, 725 S. Figueroa Street, #2600, Los Angeles, CA 90017.

Dated: 1/12/11

PETER C. ANDERSON
UNITED STATES TRUSTEE

by: ______________________________
RON MAROKO
ATTORNEY FOR THE UNITED STATES TRUSTEE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE COURT IS AUTHORIZED TO ORDER THE EXAMINATION AND PRODUCTION OF DOCUMENTS

The Court, under Fed. R. Bank. P. 2004 (a) may, "order the examination of any entity." Debtor(s) is an entity, as defined in 11 U.S.C. §105(15).

> "The examination of an entity under this rule. . . may relate to acts, conduct, or property . . . or to or to the liabilities and financial condition of the debtor or to any matter which may affect the administration of debtor's estate... " Fed. R. Bank. P. 2004(b).

Under Local Bankruptcy Rule 2004-1 a motion for a Rule 2004 examination must be served upon the debtor and trustee, if any. Other requirements of Rule 2004-1 are set forth in the ex-parte motion above. No hearing is required on the motion.

Fed. R. Bankr. P. 7034 governs the production of documents. That rule incorporates Fed. R. Civ. P. 34 in bankruptcy proceedings. Under Rule 34(b)(1)(B), the production request must specify a reasonable time, place, and manner for production. Under Rule 34(b)(2), the Court can order the time to respond for a shorter period than thirty (30) days. It is appropriate to order production on January 12, 2011.

Debtor did not schedule an interest in any real property on his Schedules A or B. However, two relief from stay motions were filed in Debtor's case, in which copies of notarized Trust Transfer Grant Deeds ("Deeds") were attached as exhibits. These deeds transferred a joint interest to Debtor as co-trustee of property in Long Beach and Lawndale. Maribel Menjavir was the notary whose name appeared on the Deeds. The Long Beach property deed was purportedly signed by debtor Sherrie Vicario (2:10-bk-34087-ER). She provided testimony that she did not sign the grant deed and did not appear before the notary identified on the deed. On January 12, 2011, Ms. Menjavir appeared for examination, and provided testimony that she did not notarize the Deeds. She claimed that Debtor's bankruptcy petition preparer, Amber McKenney, was the person responsible for the notarizations of the Deeds.

The United States Trustee is reviewing this case to determine whether a motion or complaint under section 110 is appropriate. Under section 110, a bankruptcy petition preparer may not engage in fraudulent, unfair, or deceptive conduct. 11 U.S.C. §110(i)(1) and 110(j)(B)(2)(A)(ii). As a consequence of such conduct a preparer may have liquidated damages imposed against him or her or be enjoined from acting as a preparer. The purpose of the examination and the production of documents will help ascertain whether such a motion or complaint is appropriate.

WHEREFORE, the United States Trustee requests that the Court enter the order requiring bankruptcy petition preparer Amber McKenney to appear at for examination under Rule 2004 and produce documents as described on Exhibit "A".

DATED: 1/12/11

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: ______________________
Ron Maroko
ATTORNEY FOR THE UNITED STATES TRUSTEE

DECLARATION OF RON MAROKO

I, RON MAROKO, hereby declare and state as follows:

1. I am employed as an attorney in the Office of United States Trustee for the Central District of California. I have personal knowledge of the facts set forth herein and if called to testify thereon as a witness, would be competent to so testify.

2. Debtor Paride Mladosich did not schedule an interest in any real property on his Schedules A or B. However, two relief from stay motions were filed in his case, in which copies of notarized Trust Transfer Grant Deeds ("Deeds") were attached as exhibits. These deeds transferred a joint interest to Debtor as co-trustee of property in Long Beach and Lawndale. Maribel Menjavir was the notary whose name appeared on the Deeds. The Long Beach property deed was purportedly signed by debtor Sherrie Vicario (2:10-bk-34087-ER). She provided testimony that she did not sign the grant deed and did not appear before the notary identified on the deed. On January 12, 2011, I examined Ms. Menjavir. She provided testimony that she did not notarize the Deeds and claimed that Amber McKenney was the person responsible for the notarizations of the Deeds. Ms. McKenney was the bankruptcy petition preparer identified on Debtor's bankruptcy documents.

The United States Trustee is reviewing this case to determine whether a motion or complaint under section 110 is appropriate. Under section 110, a bankruptcy petition preparer may not engage in fraudulent, unfair, or deceptive conduct. 11 U.S.C. §110(i)(1) and 110(j)(B)(2)(A)(ii). As a consequence of such conduct a preparer may have liquidated damages imposed against him or her or be enjoined from acting as a preparer. The purpose of the examination and the production of documents will help ascertain whether such a motion or complaint is appropriate or further review is necessary.

///

///

///

///

///

3. On January 12, 2011, I spoke with Ms. McKenney via telephone regarding arranging a mutually agreeable date, time, place, and scope of the examination. We agreed that her examination could occur on the date, time, and location described in this application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 12, 2011 at Los Angeles, California.

Ron Maroko

# EXHIBIT "A"

EXHIBIT "A"

EXHIBIT A

**DEFINITIONS**

Whenever used in this request, the following terms shall have the following meanings:

A. "DOCUMENT/S" means all original writings and drafts of any nature whatsoever, and all non-identical copies thereof, in your possession, custody or control regardless of where located and includes, but is not limited to, letters, correspondence, logs, drafts, contracts, prospective contracts, agreements, records, studies, summaries, memoranda, electronic mail, calendar or diary entries, handwritten notes, working papers, work sheets, diagrams, minutes, agendas, bulletins, periodicals, circulars, advertisements, notices, announcements, invoices, statements, orders, vouchers, instructions, charts, manuals, brochures, canceled checks, wire transfer instruction and confirmations, monthly and all other bank account statements, bank and/or trust account audits, bank and/or trust account reconciliations, receipts, schedules, telegrams, teletypes, photographs, audio tapes (including voice mail messages), videotapes, electronic recordings, e-mails, facsimile transmissions, information of whatever kind stored on computers, including computer disks, hard drives and other media. In all cases where originals and/or non-identical copies are not available, "DOCUMENT/S" also means identical copies of original DOCUMENT/S and copies of non-identical copies.

B. "RELATING TO" or "CONCERNING," when used with respect to any given subject, means and includes: consisting, constituting, containing, concerning, stating, pertaining to, dealing with, with respect to, referring to, relating to, regarding, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing describing, analyzing, reflecting, representing or constituting, whether in whole or in part, or having any logical or factual connection whatsoever with that subject, regardless of whether the factual connection is favorable or adverse to you.

C. The word "INCLUDING" means including, but not limited to.

D. The connectives "AND' and "OR" shall be construed in the conjunctive or in the disjunctive as necessary to make the scope of the request, definition or instruction inclusive rather than exclusive, as well as to include all responses that might otherwise be construed to be outside of their scope.

E. The singular includes the plural and the plural includes the singular.

F. "PERSON" means any natural person and any corporation, partnership, association, joint venture, firm or other business enterprise or legal entity, and any department, agency, office, bureau or division of the United States, state, local or federal government.

G. The word "EACH" means both "EACH" and "EVERY," and the word "EVERY" means both "EACH" and "EVERY," as appropriate in order to bring within the scope of the request, definition or instruction that which might otherwise be beyond their scope.

H. The word "YOU" or "YOUR" means AMBER McKENNEY.

**INSTRUCTIONS**

I. The time period covered by this request is from **January 1, 2010** through the date of production, unless otherwise specified.

J. In responding to the following requests for documents, you are required to furnish all documents that are available to you, including documents in the possession, custody or control of your attorneys, accountants, agents, employees, representatives or any other persons directly or

indirectly employed by or connected with you or your attorneys or anyone else subject to your control.

K. If any document would be required to be produced in response hereto, except for the fact that a privilege against production is claimed, set forth for each such document its date, title, current custodian(s), addressee(s), author(s) or sender(s), copyee(s) and its length in pages or other physical descriptions sufficient to permit accurate identification, a general description of its subject matter and the precise grounds on which the claim of privilege is based.

L. If you object to the production of any of the documents requested on a ground other than privilege, you shall identify the document with respect to which the objection is made by nature, date, title, current custodian(s), author(s) or sender(s), recipient(s) and its length in pages or other physical descriptions sufficient to permit accurate identification, a general description of its subject matter and state the grounds for objection.

M. If any of the documents responsive to the following requests have been lost, destroyed, transferred voluntarily or involuntary to others not subject to your control, or otherwise disposed of, or if any documents responsive to the following requests exist but are not available, furnish a list identifying each such document and setting forth the following information with respect to each document: its date, author(s), sender(s), addressee(s) and recipient(s) and the subject matter of the document. In each instance, explain the circumstances surrounding each disposition or why such document is unavailable, including, in the event of such a disposition, the authorization therefor and the date thereof, as well as any documents relating to such disposition, including any written document retention or destruction policy.

N. If a document is not produced in full, produce it to the extent possible, and state with particularity the reasons(s) it was not produced in full, and describe generally those portions of the document that are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

O. If production of any requested document is objected to on the ground that it is burdensome and oppressive, identify: (i) the precise reason why production poses a special burden; (ii) the approximate number of documents/pages that have been requested; and (iii) the location(s) of the document(s) that have been requested.

P. Pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34(b) of the Federal Rules of Civil Procedure, the documents produced shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to the specific paragraph(s) of this Request to which they are responsive. Specifically, in producing the documents requested herein, produce the documents in their original file folder, or in lieu thereof, attach to the set of documents produced from a given file a photographic or electrostatic duplicate of all written or printed materials on the original file folder. The integrity and internal sequence of the requested documents within each folder shall not be disturbed. Under no circumstances shall documents from any other file folder be commingled with documents from any other file folder.

Q. This Request is a continuing request. If, after providing the requested information, you obtain or become aware of any further information or documents responsive to this Request, you are required to produce the undersigned attorneys such additional information or documents.

**DOCUMENTS TO BE PRODUCED**

The following documents are to be produced:

1. ALL grant deeds that you participated in affixing the notary stamp of Maribel Menjavir for periods starting January 1, 2010 through the date of production.

2. ALL grant deeds that you participated in affixing the notary stamp of any other notary for periods starting January 1, 2010 through the date of production.

3. EACH document, including but not limited to correspondence, emails, notes, telephone messages, receipts, and ledgers related to the notarization of the deeds that you participated in affixing the notary stamp of Maribel Menjavir.

4. EACH document, that shows the receipt of and the disposition of any funds received related to the notarization of the grant deeds, including, but not limited to bank accounts and receipt books.

5. EACH document, including, but not limited to, invoices, receipts, deposit slips correspondence, emails, ledgers, that shows payments from Paride Mladosich to YOU.

///

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**725 South Figueroa Street, Suite 2600, Los Angeles, California 90017-1574**

A true and correct copy of the foregoing document described as: **NOTICE OF AND EX-PARTE MOTION FOR: BANKRUPTCY RULE 2004 EXAMINATION OF AMBER MCKENNEY AND PRODUCTION OF DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL BANKRUPTCY RULE 2004-1; DECLARATION OF RON MAROKO**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __________ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

X Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **1/13/11** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **1/13/11** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed. **Upon filing I will be giving a field document to a Court delivery service consistent with our normal business practice, with instructions to deliver the copy to the bin outside the suite (Court Manual Appendix F), as follows:**

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/13/11 | Lawrence Pleasant | Lawrence Pleasant |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

## ADDITIONAL SERVICE INFORMATION

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

John A Boyd fednotice@tclaw.net
Joe M Lozano notice@NBSDefaultServices.com
Kelly M Raftery bknotice@mccarthyholthus.com
Jason M Rund (TR) trustee@srlawyers.com, jrund@ecf.epiqsystems.com
Ramesh Singh claims@recoverycorp.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL:**

**Debtor**
Paride Mladosich
4501-1/4 Elizabeth Street
Bell, CA 90201

**Person to be Examined**
Amber McKenney
1004 West Covina Pkwy, #182
West Covina, CA 91790

**III. SERVED BY PERSONAL DELIVERY:**

Hon. Sheri Bluebond
Delivered to bin outside of Suite 1482
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1482
Los Angeles, CA 90012-3332